IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SCOTT LEWIS RENDELMAN, #332884 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-07-580 |
| | | |
| NANCY ROUSE, WARDEN | * | |
| SCOTT STEININGER, CDRM | | |
| CAROLYN THOMAS, FOOD SERVICES ADMINISTRATOR | * | |
| Individually and in their official capacities | * | |
| Defendants. | * | |

\*\*\*\*\*

## **MEMORANDUM**

Plaintiff filed this civil rights action on or about March 2, 2007, seeking damages and injunctive relief (accommodation for diet of kosher food)[1] against personnel at the Maryland Correctional Institution in Hagerstown ("MCIH"). He alleges that when he entered Division of Correction ("DOC") custody on January 19, 2006, he immediately demanded a kosher diet and was denied same. Paper No. 1. Plaintiff further claims that he arrived at MCIH on January 30, 2006, and made a similar request for kosher diet or reasonable accommodation. He was told by the prison chaplain and classification and food services personnel that no kosher diet or accommodations would be made. *Id*. Plaintiff complains that the problem is ongoing and he is forced to subsist on "fresh fruit, milk, cold cereal, kosher bread, hard boiled eggs, kosher desserts (in wrapper), peanut butter, and Resource (a kosher nutritional supplement) from medical." *Id*. He states he lost 30 pounds before the medical department issued the nutritional supplement. *Id*.

Plaintiff claims that the denial of the diet substantially burdens his religious practices and raises claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42

---

[1] Plaintiff was transferred out of the Maryland Division of Correction and is currently confined at the Federal Detention Center in Philadelphia, Pennsylvania. Therefore, his request for injunctive relief has been rendered moot.

U.S.C. §§ 2000cc - 1 (a) and 42 U.S.C. § 1983. On August 22, 2007, defendants filed a motion to dismiss or in the alternative, motion for summary judgment. Plaintiff has filed an opposition thereto. Defendants' motion, treated as a motion for summary judgment, shall be granted without oral argument. *See* Local Rule 105.6. (D. Md. 2004).

Section 3 of the RLUIPA provides as follows:[2]

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
>   (1) is in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest.

Inmates have a constitutional right to receive a nutritious diet in keeping with their religious beliefs. *See Ross v. Blackledge*, 477 F.2d 616, 618-19 (4th Cir. 1973). As indicated, however, the right is not absolute. Under RLUIPA, of course, officials face a higher burden of persuasion. They must prove that their decision not to accommodate the inmate's religious dietary needs furthers compelling state interests and that there are no less restrictive means to address those interests. *See* § 2000cc-1(a)(1)-(2). Officials need not provide a special religious diet if the inmate can maintain an adequate diet by choosing items from the available menu. *See Abernathy v. Cunningham,* 393 F.2d 775, 778 (4th Cir. 1968).

Defendants claim that two weeks after arriving at MCIH, plaintiff filed a an informal complaint and note to the food services supervisor complaining that the substitute food items or alternative food selections for those preferring a kosher diet were not available "on the main line."

---

[2] Before RLUIPA, courts applied the First Amendment "deference" analysis found under *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987) and *Turner v. Safley*, 482 U.S. 78 (1987). These cases held that incarceration leads to a limitation on many rights and privileges as may be warranted by valid penological considerations, *see O'Lone*, 482 U.S. at 348, and that a prisoner's right to free exercise of his religion must give way to regulations that are "reasonably related to legitimate penological interests." *Id*. at 349; *cf. Turner*, 482 U.S. at 89.

Paper No. 15 at Ex. 2.  In response, plaintiff was advised that there was no kosher diet available and that his allegation that he could only eat store-bought bread, fresh fruit and salad was his choice because other food could not be substituted.  *Id*.  Plaintiff was subsequently informed by food services personnel that although the inmate handbook mentions substitutes, the DOC is not required to provide religious diets and does not substitute meals.  Rather, it is up to the inmate whether or not he wants the meal.  Paper No. 15, Ex. 2.

Defendants' record shows that throughout 2006, plaintiff filed grievances and letters complaining that the DOC was not providing him a kosher diet.  *Id*. at Exs. 3-5.  In May of 2006, he was advised that a pork-free regular diet and a lacto-ovo vegetarian diet were provided to accommodate a broad spectrum of religious practices.  *Id*. at Ex. 3.  On May 9, 2006, plaintiff was transferred to the Western Correctional Institution where a medical dietary consultation form was written regarding a kosher diet and plaintiff's weight loss.[3]  *Id*., Ex. 6.   Defendant Steininger, the Correctional Dietary Regional Manager, advised plaintiff that the pork-free and lacto-ovo diet alternatives were provided in order to address a "broad spectrum of religious dietary practices in order to accommodate as many [inmates] as possible without showing partiality towards any particular group."  *Id*., at Ex. 6.  Steininger further indicated that plaintiff's weight was with the lower, but normal, weight range for a man of plaintiff's height and recommended a high calorie diet if plaintiff had lost significant weight in a short period of time.  *Id*.  Steininger opines that plaintiff's issue is not a matter of enough calories on the regular diet, but rather a refusal on his part to eat certain foods on that diet.  *Id*. at Ex. 7, Steininger Decl.

Plaintiff returned to MCIH on July 13, 2006.  He was advised that the implementation of the "master cycle" and lacto-ovo vegetarian menus replaced the practices of providing substitutes and

---

[3]   Plaintiff stood at 5'8" and weighed 128 pounds.

extra portions of foods in order to attempt to comprise a religious diet.[4]  Paper No. 15, Ex. 7. According to Steininger, plaintiff was told that the two menus were intended to accommodate a broad range of religious dietary practices as possible while placing only minimal costs and management burdens on dietary operations.  *Id*.

Upon due consideration of the pleadings and exhibits, I find no violation under the First Amendment or RLUIPA.[5]  The DOC has determined that it would not provide kosher meals or, for that matter, meal plans tailored to any particular religious practice.  It has, however, made reasonable efforts to accommodate the religious preferences of several religious groups by providing neutral master-cycle and lacto-ovo vegetarian menus. Such a determination is reasonably related to promoting legitimate penological interests.  *See Cooper v. Lanham*, *et al*., 145 F.3d 1323 (4th Cir. 1988).   In addition, the DOC's policy not to provide meal plans tailored to any particular religion is the least restrictive means of furthering a compelling government interest.[6]  When reviewing a similar claim under RLUIPA in the case of *Wilkerson v. Chaplain Beitzel, et al*., 2005 WL 5280675 (D. Md. 2005), *aff'd*, 184 Fed. Appx. 316 (4th Cir. 2006),  I noted that:

> The difficulties experienced, including additional costs and creation of perceived favoritism between religious groups, are legitimate compelling interests that override the burden placed on plaintiff's ability to follow a kosher diet. There is no requirement for accommodation of religious observances to take precedence over institutional security concerns. *See Cutter v. Wilkinson,* 544 U .S. 709, ---, 125 S.Ct.

---

[4]   Defendants attach DOC Information Bulletins from 1992, which advise that effective September of 1992, the dietary program for the DOC would consist of the master cycle menu and the lacto-ovo vegetarian diet.  Paper No. 15, Exs. 3, 9, 10, & 12.

[5]   Defendants argue that plaintiff did not fully comply with the DOC administrative remedy process and that his complaint should therefore be dismissed for the failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a).  In his opposition, plaintiff asserts that he has satisfied exhaustion requirements by taking his grievances to the Inmate Grievance Office on original and appellate review.

[6]   Other courts have found a legitimate penological interest in providing inmates a ovo-lacto vegetarian diet, rather than a kosher diet, in light of the high costs in providing kosher meals which, as they are to be prepared in a separate kitchen with separate utensils, are generally prepared off-site by an outside vendor.  *See Boyd v. Lehman*, 2006 WL 1442201 at *6 (W. D. Wash. 2006).

4

> 2113, 2122 (2005). The meal plans currently available are neutral in religious requirements, and are the least restrictive means available to advance the compelling interest in avoiding perceived favoritism between religious groups. *See e.g., Reimann v. Murphy,* 897 F.Supp. 398, 402-403 (E.D. Wis. 1995) (exclusion of racist literature advocating violence is least restrictive means of furthering the compelling state interest in preventing prison violence); *George v. Sullivan,* 896 F.Supp. 895, 898 (W.D. Wis. 1995) (same). Accordingly, defendants are entitled to summary judgment on plaintiff's claim concerning the failure to provide kosher meals.

*Id*. at *4.

For the aforementioned reasons, defendants' motion for summary judgment shall be granted

A separate order shall be entered reflecting the opinion set out herein.


Dated: October 22, 2007                     /s/_____
                                            J. Frederick Motz
                                            United States District Judge